**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARL TOBEY,

　　　　　Petitioner - Appellant,

　v.

JEFFERY UTTECHT,

　　　　　Respondent - Appellee.

No. 13-36214

D.C. No. 2:12-cv-00440-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted April 6, 2015
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Karl Tobey ("Tobey") appeals the denial of his habeas petition. After his first trial ended in a hung jury, Tobey was convicted of two counts of child rape in Washington state court. He claims that the prosecution improperly bolstered the testimony of the child witness and misstated the burden of proof during closing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

argument, and that these errors had a substantial or injurious effect on the jury's verdict.  We affirm.

Tobey's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), which provides that the state court's decision is entitled to deference unless it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

To obtain relief on a claim of prosecutorial misconduct, a habeas petitioner must do more than show that the remarks were "undesirable or even universally condemned" but must demonstrate that the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotation omitted); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (habeas relief warranted if prosecutorial misconduct had a substantial and injurious effect or influence on the jury's verdict). In order to determine whether the comments rendered the trial fundamentally unfair, it is necessary to examine the entire proceedings and place the prosecutor's statements in context.  *See Greer v. Miller*, 483 U.S. 756, 765–66 (1987).

## I.      Vouching

The state court's denial of Tobey's claim that the prosecutor improperly bolstered the witness's credibility in closing argument was not objectively unreasonable. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that a state habeas petitioner has the burden of showing there was no reasonable basis for the state court to deny relief). The allegedly improper statements, when viewed in context, are permissible argument rather than improper vouching. The focus of the prosecutor's comments was always on the jury's role as factfinder and why it should believe the child's testimony, rather than the prosecutor's opinion of the witness's veracity. Moreover, even if improper, the prosecutor's comments were not overtly flagrant violations, and Tobey has not borne his burden of demonstrating that these stray comments had a substantial or injurious effect on the outcome of the trial.

## II.     Misstatement of Burden

A few statements by the prosecutor in the course of a lengthy closing and rebuttal suggested the jury needed to decide if the child victim was telling the truth or had "made this all up" or was "evil." The Washington courts held these were improper statements of the law and the burden of proof. *See State v. Tobey,* 138 Wash. App. 1060 (June 4, 2007) (unpubl.) (citing *State v. Fleming*, 921 P.2d 1076, 1078 (Wash. App. 1996)). The jury, however, was accurately instructed that

arguments by counsel were not evidence, that only the court could define the law for the jury, and that it needed to "have an abiding belief in the truth of the charge" to be satisfied beyond a reasonable doubt. Moreover, the jury appears to have carefully weighed the evidence and testimony, convicting on some but not all of the counts charged. The prosecutor's statements, though erroneous, were not so obviously egregious as to undermine the fundamental fairness of the proceeding and have a substantial impact on the outcome of the trial.[1]

## III. Uncertified Issues

Tobey also raises two uncertified issues in his brief, which we construe as a request to expand the certificate of appealability. *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014). We deny the request because Tobey has not made a "substantial showing of the denial of a constitutional right" with respect to his claims for ineffective assistance of counsel or cumulative error. *See* 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**

---

[1] Because we affirm applying the *Brecht* "substantial and injurious effect" standard *de novo*, we need not address whether we should apply additional AEDPA deference to the state court's determination that Tobey was not prejudiced by the prosecutor's misstatements. *Cf. Ayala v. Wong*, 756 F.3d 656 (9th Cir. 2014), *cert. granted, Chappell v. Ayala*, 135 S. Ct. 401 (2014).